UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIAH STUCKEY, )<br>)<br>) | |
| ) | Case No. |
| **Plaintiffs,** ) | |
| ) | Honorable Judge |
| v. ) | |
| ) | Jury Demand |
| OFFICER REGINALD ROBERSON )<br>Individually, and COUNTY OF COOK ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, JAMIAH STUCKEY, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., complaining against the Defendants, OFFICER ROBERSON, individually, states as follows:

## COUNT I— EXCESSIVE FORCE

1. This action is brought pursuant to the law of the U.S. Constitution, specifically 42 U.S.C. § 1983. That jurisdiction is proper with this court pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

2. Plaintiff, JAMIAH STUCKEY, is a resident of the State of Illinois.

3. That on or about December 28/29, 2021, the Plaintiff was in custody of Cook County and housed at Cook Correctional Center.

4. That at all times relevant, Defendants OFFICER REGINALD ROBERSON was acting as an employee/agent of the Sherriff of Cook County acting under the color of law and within his scope of employment.

5. On or about December 28/29, 2021, the Plaintiff, JAMIAH STUCKEY, was going through intake at Cook County Jail.

1

6. The Defendant, OFFICER REGINALD ROBERSON, and the Plaintiff had words.

7. Without just cause or provocation, the defendant, OFFICER REGINALD ROBERSON physically attacked Jamiah Stuckey.

8. The force used was unnecessary, unreasonable, and excessive.

9. The Plaintiff, JAMIAH STUCKEY, was injured and suffered from those injuries.

10. The Plaintiff did nothing to provoke said use of force or extent thereof.

11. The actions and inactions of the Defendant was intentional, willful, and wanton.

12. Said actions violated the Plaintiff's Fourth Amendment rights and were in violation of said rights as enforced by 42 U.S.C. §1983.

13. That as a direct and proximate result of the actions of the Defendant, the Plaintiff suffered injuries and continues to suffer fear, emotional distress, anxiety, pain and suffering, permanent injury, and future pain and suffering.

**WHEREFORE**, the Plaintiff, JAMIAH STUCKEY, prays that this Honorable Court enter judgment against the Defendant, OFFICER REGINALD ROBERSON jointly and severally, in an amount of reasonable in compensatory damages and for punitive damages, plus attorney's fees and costs.

## COUNT II-COUNTY OF COOK/SHERRIF TOM DART MONELL RULES

1-10. Plaintiff hereby realleges and incorporates his allegations of paragraph 1-10 of Count I as his respective allegations of Count II as though fully set forth herein.

11. At all relevant times, the defendant was an employee of Sheriff Tom Dart and the County of Cook.

12. Information and belief the defendant Reginald Roberson had a history of physical abuse and excessive force and/or discipline at the County Jail.

13. The County of Cook and Sherrif Tom Dart had an unwritten practice of ignoring Reginald Roberson's practices which was a result and a proximate cause of the abuse which occurred to Plaintiff Jamiah Stuckey.

14. The actions and inactions of the Defendant was intentional, willful, and wanton

15. Said actions violated the Plaintiff's Fourth Amendment rights and were in violation of said rights as enforced by 42 U.S.C. §1983.

16. That as a direct and proximate result of the actions of the Defendant, the Plaintiff suffered injuries and continues to suffer fear, emotional distress, anxiety, pain and suffering, permanent injury, and future pain and suffering.

WHEREFOR, the Plaintiff, JAMIAH STUCKEY, prays that this Honorable Court enter judgment against the Defendant, COUNTY OF COOK and SHERRIF TOM DRAT jointly and severally, in an amount of reasonable in compensatory damages and for punitive damages, plus attorney's fees and costs.

## COUNT III-COUNTY OF COOK-INDEMINIFICATION

1-14. Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-13 of Count I as his respective allegations of paragraph 1-13 of Count II as though fully set forth herein.

15. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

16. Defendant, REGINALD ROBERSON, is or was an employee of the COOK COUNTY and acted within the scope of his employment in committing the misconduct described herein.

**WHEREFORE**, should Defendant, OFFICER REGINALD ROBERSON be found liable for the acts alleged above, the Defendant COUNTY OF COOK would be liable to pay the Plaintiff any judgment obtained against said Defendants.

WHEREFORE, the Plaintiff, JAMIAH STUCKEY prays for judgment against the Defendant COUNTY OF COOK for reasonable compensatory damages plus attorney's fees and costs.

## JURY DEMAND

Plaintiff JAMIAH STUCKEY prays for trial by jury.

Respectfully submitted,

JAMIAH STUCKEY

By: _____

Gregory E. Kulis

Gregory E. Kulis (Atty. No. 6180966)
Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602-3368
p. (312) 580-1830 / f. (312) 580-1839
e. gkulis@kulislawltd.com
e. service@kulislawltd.com

4