UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIAH STUCKEY, ) | |
| ) | |
| ) | Case No. 23-cv-16882 |
| Plaintiffs, ) | |
| ) | Honorable Judge Manish S. Shah |
| v. ) | |
| ) | Magistrate Judge Beth W. Jantz |
| OFFICER REGINALD ROBERSON ) | |
| Individually, and COUNTY OF COOK ) | Jury Demand |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

NOW COMES the Plaintiff, JAMIAH STUCKEY ("STUCKEY"), by and through his attorneys, Gregory E. Kulis and Associates, Ltd., respectfully requests this Honorable Court to grant his Motion For Expedited Discovery against Defendants, REGINALD ROBERSON #2429 ("ROBERSON") and COUNTY OF COOK. In support of his request, Plaintiff states as follows:

**INTRODUCTION**

On December 18, 2023, the Plaintiff filed his complaint against the Defendants in the U.S. District Court for the Northern District of Illinois. (Pl.'s Compl.). The Plaintiff alleges the following: ROBERSON used excessive force against him on December 28/29, 2021; COUNTY OF COOK had an unwritten practice of ignoring ROBERSON's practices which was a result and proximate cause of the abuse which occurred to STUCKEY under Monell; and an indemnification claim against the COUNTY OF COOK.

The Plaintiff brings this Motion for Expedited Discovery under Fed. R. Civ. P. 26(b)(1) and applicable caselaw, because ROBERSON no longer is employed with COUNTY OF COOK and they refuse to disclose ROBERSON's contact information for the Notice of Lawsuit and Waiver of Service. He moves for expedited discovery for the purpose of discovering the residential

1

address, last known contacts, and social security number of Defendant ROBERSON for the purpose of service of process. For the reasons set below, we ask this Honorable Court to grant the Plaintiff's Motion for Expedited Discovery.

## **LEGAL STANDARD**

Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26 (f), *except* in a proceeding exempted from initial disclosure under Rule 26 (a) (1) (B), or when *authorized* by these rules, by stipulation or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis added). This rule allows for discovery before the parties have conferred as required by 26(f). A court has wide discretion in managing the discovery process. *See Ibarra v. City of Chi.*, 816 F. Supp. 2d 541, 544 (N.D. Ill. 2011). This court has held that while there is no set test or criteria for evaluating whether expedited discovery is necessary, courts have developed two common judicial approaches to assessing requests for expedited discovery. *Id.* District Courts within the 7th Circuit, along with many other district courts, have applied the second approach. *See Ibarra*, 816 F. Supp. at 554, *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520 (E.D. Wis. 2007), *Arista Records v. Does* 1-19, 551 F. Supp. 2d 1, 6-9 (D.D.C. 2008), *Zambezia Film Pty, Ltd. v. Does*, No. 13 C 1321, 2013 U.S. Dist. 1, 7 (N.D. Ill. Aug. 29, 2013). Accordingly, a court may evaluate a motion for expedited discovery, "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *See Ibarra*, 816 F. Supp. at 544, *see also, Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007).

In applying the "reasonableness" standard, a Court may consider factors such as "(1) whether a preliminary injunction is pending; (2) the breath of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden of the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *See Ibarra*, 816 F. Supp. at 554. In *Ibarra*, this court granted the plaintiff's motion for expedited

discovery ruling that even if a preliminary injunction was not pending, the plaintiff pled sufficient facts to satisfy the other elements. *Id.* at 555. Specifically, this court stated that plaintiff sought the expedited discovery for the limited purpose of determining the identity of parties to the action and that was within the defendant's control, thus the expedited discovery was permissible. *Id.*

In *AF Holdings LLC v. Doe*, the Illinois Central District Court granted the plaintiff's motion for expedited discovery because it showed "good cause." *AF Holdings LLC v. Doe*, No. 12-1398, 2012 U.S. Dist. 1, 4 (C.D. Ill. Nov. 26, 2012).

## ARGUMENT

Previous rulings in favor of expedited discovery demonstrate that seeking discoverable information to ascertain the identify of all parties to a suit falls within the "reasonableness standard." *See Ibarra*, 816 F. Supp. at 555, *see also, Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. at 522. The Plaintiff in this case satisfies the reasonableness standard for expedited discovery as set out in *Ibarra*. In the present case there is no preliminary injunction pending. Nonetheless, in *Ibarra* that did not bar consideration of the other factors in determining if the plaintiff satisfied the reasonableness standard. *Ibarra*, 816 F. Supp. at 555. The Plaintiff in this case is making narrowly tailored discovery requests to COUNTY OF COOK to ascertain the residential address, last known contacts, and social security number of ROBERSON involved in his excessive force claim. The Plaintiff seeks to serve ROBERSON with the time required for Fed. R. Civ. P. 4(m), and to prosecute his claims against Defendants to resolve this matter.

The Plaintiff's discovery requests (see attached as Exhibits 1 to this Motion) are limited to specific information relating to the contact information of ROBERSON involved in his claim, which would not be burdensome to COUNTY OF COOK as they possess this information in their records from ROBERSON's employment as a Sheriff of Cook County. Furthermore, Counsel for Plaintiff has had communications with COUNTY OF COOK, who contacted Plaintiff and refused to provide ROBERSON's contact information for the purpose of service of process. Thus, the Plaintiff

3

satisfies the reasonableness standard needed to grant a motion for expedited discovery. Moreover, as previously stated, Plaintiff seeks to serve ROBERSON within the time for Fed. R. Civ. P. 4(m), and to prosecute his claims against Defendants to resolve this matter. This further shows good cause for Plaintiff to obtain this information.

WHEREFORE, the Plaintiff, JAMIAH STUCKEY, prays this Honorable Court to grant his Motion to Expedite Discovery against ROBERSON and COUNTY OF COOK.

                                          Respectfully submitted,
                                          JAMIAH STUCKEY

                                          By: */s/ Kenneth Hurst*_____
                                          Gregory E. Kulis and Associates, Ltd.

Gregory E. Kulis and Associates, Ltd.
134 North LaSalle Street, Suite 444
Chicago, Illinois 60602
(312) 580-1830
Attorney No. 6322595
khurst@kulislawltd.com
service@kulislawltd.com