# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIAH STUCKEY, ) | |
| ) | |
| ) | Case No. 23-cv-16882 |
| Plaintiffs, ) | |
| ) | Honorable Judge Manish S. Shah |
| v. ) | |
| ) | Magistrate Judge Beth W. Jantz |
| OFFICER REGINALD ROBERSON ) | |
| Individually, and COUNTY OF COOK ) | Jury Demand |
| ) | |
| Defendants. ) | |
| ) | |

## INITIAL JOINT STATUS REPORT

**NOW COME** the parties, jointly, and to submit their Initial Joint Status Report as required by this Court's January 24, 2024, minute entry [Dkt. 9], and states as follows:

1. **Nature of the Case**

    a. <u>Plaintiff Jamiah Stuckey</u>: Brian M Orozco (Lead), Kenneth Young Hurst, Scott Patrick Granfeldt, Gregory E. Kulis, 134 N. LaSalle St., Ste. 444, Chicago, IL 60602, 312.580.1830. borozco@kulislawltd.com, khurst@kulislawltd.com
    <u>Defendant Reginald Roberson</u>: Unrepresented.
    <u>Defendant County of Cook</u>: Assistant State's Attorneys Elizabeth Francine Brogan (Lead), Kelli Huntsman, Civil Action's Bureau, Cook County State's Attorney's Office, 500 Richard J. Daley Center, Chicago, IL 60602, 312-603-6638, elizabeth.brogan@cookcountysao.org and kelli.huntsman@cookcountysao.org

    b. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law and therefore this Court has both personal & subject matter jurisdiction.

    c. <u>Count I</u> – is a claim for excessive force under 42 U.S.C. 1983 and the Fourth Amendment. Plaintiff alleges that Defendant Officer Roberson physically attacked Plaintiff with force that was unnecessary, unreasonable, and excessive causing injury to Plaintiff.
    <u>Count II</u> – Monell Claim - Plaintiff alleges that Defendant Roberson has a history of excessive force, and that Defendant Cook County had an unwritten practice of ignoring Defendant Roberson's practices that was a proximate cause of injury to Plaintiff.
    <u>Count III</u> – Plaintiff alleges Indemnification against Defendants.

    d. State the major legal and factual issues in the case:
The Plaintiff alleges that Defendant Roberson physically attacked Plaintiff, and his actions were without cause or provocation, unnecessary, unreasonable and excessive. *Plaintiff's Complaint*, Dkt #1, Count 1 ¶7-8. Plaintiff further alleges that his Fourth Amendment Rights were violated and as a direct and proximate result Plaintiff suffered injuries. *Id*. at Count 1 ¶12.
Furthermore, Plaintiff alleges that Defendant Roberson was employed by Sheriff Tom Dart and Cook County. *Id*. at Count II ¶11. Plaintiff alleges Sheriff Tom Dart and Cook County have unwritten practices of ignoring Defendant Roberson's history of physical abuse and excessive force and/or discipline at the Cook County Jail which violates Plaintiff's Fourth Amendment Rights, which caused Plaintiff injuries. *Id*. at Count II ¶12-15.
Plaintiff also alleges that Cook County should be liable to pay any judgment obtained in this matter. *Id*. at Count III.

    e. Judgment for reasonable compensatory and punitive damages, plus attorney's fees and costs.

**2. Motions and Case Plan**

    a. <u>Plaintiff's Motion to Expedite Discovery</u>.
Defendant Roberson is not served. Plaintiff seeks to issue a subpoena to the Cook County Sheriff Tom Dart for Defendant Roberson's address, email, and social security number to serve process. It is Plaintiff's position that since it is his burden to serve Defendants that he needs as much contact information as possible to find him and serve him. Just because there are avenues to obtain contact information does not eliminate the need for the information, which the Cook County Sheriff's Department has in their possession.

    Defendant Cook County's Statement Regarding Plaintiff's Motion to Expedite Discovery:
Cook County opposes Plaintiff's motion. At this time, there is neither an emergency circumstance nor good cause to order expedited discovery. Further efforts by Plaintiff could be made to achieve service upon Defendant Roberson without the need to expedite discovery.

    b. <u>Proposal for Discovery</u>

        i. The parties do not believe it is ripe to propose a discovery plan until the non-served Defendant has appeared.

    c. Jury Trial Demand. Approximately one to two weeks.

**3. Consent to Proceed Before a Magistrate**

      a. The parties do not consent to proceed before a Magistrate Judge.

**4. Status of Settlement Discussions**

      a. Plaintiff issued a settlement demand on February 9, 2024.
      b. Defendants are going through the appropriate channels in order to respond to Plaintiff's demand.
      c. No settlement conference is requested at this time.

Respectfully submitted,

| | |
|---|---|
| By: */s/ Kenneth Y. Hurst* | By: */s/ Elizabeth F. Brogan* |
| Kenneth Y. Hurst | Elizabeth F. Brogan |
| | |
| Kenneth Hurst | Elizabeth F. Brogan |
| Gregory E. Kulis and Associates, Ltd. | Kelli Huntsman |
| 134 North LaSalle Street, Suite 444 | Cook County State's Attorney's Office |
| Chicago, Illinois 60602 | 500 Richard J. Daley Center |
| (312) 580-1830 | Chicago, Illinois 60602 |
| Attorney No. 6322595 | (312) 603-6638 |
| borozco@kulislawltd.com | elizabeth.brogan@cookcountysao.org |
| khurst@kulislawltd.com | kelli.huntsman@cookcountysao.org |